24-1202
*Bannikov v. Bondi*

BIA
Reid, IJ
A241 901 760/761/762/763

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand twenty-five.

PRESENT:
> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

PAVEL BANNIKOV, LIUBOV
BANNIKOVA, N.B., A.B.,*
> *Petitioners*,

> v.                                                                   **24-1202**
>                                                                        **NAC**

_____

\* In this publicly accessible order, we have used only initials to refer to the petitioners who were minors at the time of the petition, in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

**PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,**
    *Respondent.*

_____

FOR PETITIONERS:    Nataliya I. Gavlin, Gavlin & Associates, P.C., New York, NY.

FOR RESPONDENT:    Brian M. Boynton, Principal Deputy Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Shelley K.G. Clemens, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Pavel Bannikov and Liubov Bannikova, natives of the former Union of Soviet Socialist Republics and citizens of Russia, and their minor children, natives and citizens of Russia, seek review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pavel Bannikov, et al.*, Nos. A 241 901 760/761/762/763 (B.I.A. Apr. 2, 2024), *aff'g* No. A 241 901 760/761/762/763 (Immigr. Ct. N.Y.C. Oct. 18, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings, including adverse credibility determinations, "under the substantial evidence standard" and questions of law and application of law to fact de novo. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). When reviewing an adverse credibility determination, "the 'unless . . . compelled' standard requires that the IJ articulate 'specific' and 'cogent' reasons for finding an applicant not credible, that the reasons provided by the IJ 'be supported by reasonable, substantial and probative evidence in the record when considered as a whole,' and that they 'bear a legitimate nexus to the [adverse credibility] finding.'" *Amardeep Singh v. Garland*, 6 F.4th 418, 426 (2d Cir. 2021) (alterations in original) (quoting *Hong Fe Gao*, 891 F.3d at 76–77).

With respect to credibility determinations, the statute provides:

Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency

3

between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports both the agency's adverse credibility determination with respect to the alleged past persecution and its finding that Bannikov failed to demonstrate a reasonable possibility of future persecution based on his activities in the United States.

In making an adverse credibility determination, the agency reasonably relied on Bannikov's inconsistent testimony about the circumstances under which he interacted with a prosecutor. This includes whether, after receiving a call from a prosecutor's office, he met with the prosecutor a few hours after the call or the next day. The record confirms this inconsistency: Bannikov testified he went to

4

the prosecutor's office the "next day, after they called me," but his written statement reflects that he received the call in the morning and appeared by 11:00 that morning. *Compare* Certified Administrative Record ("CAR") at 237, *with id.* at 610. "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence . . . a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Majidi v. Gonzales*, 430 F.3d 77, 79–80 (2d Cir. 2005) (quotation marks omitted). Although, as Bannikov argues, a trivial error in a date may not be material and will often be insufficient on its own to support an adverse credibility finding, *see Gurung v. Barr*, 929 F.3d 56, 61 (2d Cir. 2019); *Hong Fei Gao*, 891 F.3d at 77, the inconsistency here is not so minor given Bannikov's claim that he fled Russia because the prosecutor threatened him with arrest. Under the circumstances, he could reasonably be expected to know whether he met with the prosecutor hours after receiving a phone call or the next day. *See Amardeep Singh*, 6 F.4th at 431 ("The more serious the inconsistency—*i.e.*, the greater the importance of the fact upon which inconsistency is found for the success of the petition and the more likely it is that a truthful account would not have included

5

the inconsistency—the more substantial that evidence is in casting doubt on the petitioner's credibility."). Moreover, Bannikov's explanation that he must have misunderstood the questioning does not compel a contrary conclusion. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Bannikov's lack of corroboration further supports the agency's adverse credibility determination. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Bannikov's documentary evidence of his negative treatment at work and political activity in Russia is limited to letters from his father and wife, to which the agency reasonably gave limited weight because they were from interested parties not subject to cross-examination. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that an "IJ acted within her discretion in according . . . little weight [to letters] because the declarants . . . were interested parties and neither was

6

available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Substantial evidence also supports the agency's determination that Bannikov did not establish a reasonable possibility of persecution in Russia based on his political activity in the United States. "[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). For asylum, the applicant must show a "reasonable possibility" of future persecution. *Id*. Bannikov has not made this showing. Counsel states in the brief that Bannikov is on a "special list . . . in the database of Center Against Extremism," but there is no record citation, and review of the record has not revealed testimony or other evidence that corroborates that allegation or indicates that Russian authorities are aware of Bannikov's minor political activities in the United States. *See INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984) (concluding that "[c]ounsel's unsupported assertions in [a] brief" are not evidence).

7

The adverse credibility determination and the agency's determination that Bannikov did not establish a reasonable possibility that Russian authorities will discover his political activity in the United States and persecute him are dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicates. *See Hong Fei Gao*, 891 F.3d at 76; *see also Y.C.*, 741 F.3d at 335.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court